UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LOUIS WYATT BRANSON,

        Petitioner,

vs.                                    Case No.  5:09-cv-446-Oc-29SPC

SECRETARY DEPARTMENT OF CORRECTIONS,

        Respondents.

_____

**OPINION AND ORDER**

Petitioner Louis Branson (hereinafter "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 and attaches a memorandum of law[1] (Doc. #1-2, Memorandum) in support of his petition on October 7, 2009,[2] challenging his 2007 judgment of conviction entered in the Fifth Judicial Circuit, Marion County, Florida.  Petition at 1.  Pursuant to this Court's Order, Respondent filed a Response (Doc. #6, Response) moving to dismiss the grounds as procedurally defaulted.  Respondent attached

---

[1] In large part, Petitioner's Memorandum and Reply, consist of copied principles of law from cases and citations to those cases with no application to the grounds Petitioner raises.

[2] The  Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document.  Id.  Here, there is no prison date stamp, so the Court defers to the date Petitioner signed the Petition.

supporting exhibits (Doc. #9, Appx. 1-2, Exhs. A-K) consisting of the trial court's records and Petitioner's post-conviction records.[3] Petitioner filed a Reply (Doc. #9, Reply) in opposition to the Response.  This matter is ripe for review.

As more fully discussed herein, the Court will deny Petitioner relief on the Petition.

## I.   Procedural History[4]

### A.   Pertinent Trial Activity

By an Information dated February 24, 2005, Petitioner was charged with one count of possession of cocaine, one count of possession of drug paraphernalia, and one count of attaching a registration licence plate to an unassigned vehicle.  Exh. D at 1. On April 12, 2005, Petitioner filed a waiver of speedy trial signed by both Petitioner and defense counsel.  Id. at 14.  On January 2, 2007, Petitioner filed a pro se motion to suppress, which the trial court struck because he was represented by defense counsel.  Id. at 26, 29, 31.  On January 23, 2007, Petitioner filed a motion to

---

[3]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system. Respondent's exhibits, however, were filed in paper format and not electronically scanned. Therefore, the Court refers to a particular document by the corresponding number of the exhibit and the bates stamp number for the pinpoint citation.

[4]The summary of the procedural history is derived in part from the Petitioner's brief on direct appeal, from the Respondent's Response to the instant Petition, and a thorough review of the Respondent's exhibits.

dismiss counsel and a notice of intent to proceed *pro se*. <u>Id.</u> at 33, 34.

On February 6, 2007, after defense counsel filed a motion to withdraw, a <u>Faretta</u>[5] hearing was held. Exh. D at 67; Exh. F at 13-33. The trial judge found that Petitioner knowingly and voluntarily waived his right to counsel, so Petitioner proceeded *pro se* with standby counsel. Exh. F 15-27. At the end of the <u>Faretta</u> hearing, Petitioner filed a second motion to suppress. Exh. F 31-32; Exh. D at 35-40. Petitioner did not list the evidence he wished to suppress, but instead wrote: "listed in Report #05008094." Exh. D at 35. The trial court struck Petitioner's motion as improperly filed. <u>See</u> Exh. D at 188 (state filing motion to strike as "procedural safeguard"); <u>Id.</u> at 191 (trial court acknowledging every motion petitioner filed was legally insufficient); Exh. G at 8 (Petitioner's brief on direct appeal reviewing procedural history).

On March 28, 2007, a jury trial was held at which Petitioner represented himself with standby counsel. Exh. D at 186-301. The evidence at trial established that Petitioner was stopped because the yellow registration decal sticker on his license plate appeared to be altered. Exh. D at 214-215. The tag number was run which revealed that the license plate was registered to a trailer out of another county. Petitioner was then detained, but not arrested, at

---

[5]<u>Faretta v. California</u>, 422 U.S. 806 (1975).

the rear of his vehicle in handcuffs.  <u>Id.</u> at 218.  Petitioner was detained for safety purposes.  <u>Id.</u>  The drug paraphernalia was in plain view on the console of the vehicle between the two front seats.  Exh. D at 229, 231, 251.  The pack of cigarettes, in which the cocaine was found, was on the dashboard directly in front of the steering wheel.  Exh. D at 229, 331, 233, 237.  Petitioner was the driver of the vehicle.  Exh. D at 215, 237, 251.  Petitioner's girlfriend testified on cross-examination that the cigarettes did not belong to her, the cocaine did not belong to her, and that she did not know the cocaine was in the pack of cigarettes.  Exh. D at 250-251.  There was no one else in the vehicle.  No objection was made to the admission of any of the evidence, including the cocaine and drug paraphernalia.  Exh. D at 207, 210, 217, 232.  There likewise was no objection when the officer testified that Petitioner acknowledged that the pack of cigarettes belonged to him.  <u>Id.</u> at 233.

The jury found Petitioner guilty on all three counts.  <u>Id.</u> at 129-131.  Petitioner was adjudicated guilty and sentenced to 48 months incarceration on the possession charge and time served on the other two charges, both of which were misdemeanors.

**B. Pleadings Seeking Relief**

Petitioner filed a litany of motions before and after trial seeking release from custody and/or relief from his judgment and conviction.  On January 24, 2007, while Petitioner's criminal trial

remained pending, Petitioner filed a petition for writ of habeas corpus in the trial court. Exh. A at 1-5. On February 7, 2007, the trial court denied the petition without prejudice as legally insufficient. Id. at 7. Petitioner appealed the trial court's order of denial. Id. at 10; Exh. B at 1. The State moved to dismiss. Exh. B at 72. Petitioner filed an amended brief. Exh. B at 93. On September 19, 2007, the appellate court denied the State's motion to dismiss as moot. On October 24, 2007, the appellate court withdrew it's September 19 order and entered an order granting the State's motion to dismiss. Exh. B at 124, 128.

On March 21, 2007, Petitioner filed a petition for writ of prohibition with the Fifth District Court of Appeal, which he did not serve on the State. Exh. C at 1; Exh. D at 153. The petition concerned Petitioner's right to a speedy trial. The petition was denied on March 23, 2007.

On February 4, 2008, Petitioner, through appointed counsel, pursued a direct appeal of the conviction and sentence raising three issues. Exh. G at 3-32. The State filed an answer brief arguing that two of the grounds were not preserved for appellate review and that the trial court's Faretta hearing was sufficient. Id. at 33-66. Petitioner filed a reply brief. Id. at 67-79. On August 29, 2008, the appellate court affirmed Petitioner's conviction and sentence. Exh. G at 80-81; Branson v. State, 988 So. 2d 1277 (Fla. 5th DCA 2008). The appellate court found that

-5-

"[w]hile <u>Faretta</u> requires a trial court to make a defendant aware of all the dangers and disadvantages of self-representation, it does not require that a defendant be apprised of each and every potential collateral consequence of an adverse judgment." Exh. G at 81.  The appellate court specifically found the other grounds were not preserved for appeal.  <u>Id.</u>

While the direct appeal was pending, on November 9, 2007, Petitioner filed an "emergency constitutional writ" in the Florida Supreme Court. Exh. H at 3-14.   The writ raised issues concerning Petitioner's State habeas corpus petition and appeal therefrom. <u>Id.</u>  The Florida Supreme Court treated the writ as a petition for writ of mandamus.  Exh. H at 2.  Also, while the direct appeal was pending, on December 13, 2007, Petitioner filed a "petition for writ of prohibition" in the Florida Supreme Court.  Exh. I at 1, 3. On March 3, 2008, Petitioner's "emergency constitutional writ" and "writ of prohibition" were consolidated and dismissed as unauthorized.  Exh. H at 2; I at 1; J at 1; <u>Branson v. State</u>, 989 So. 2d 1184 (Fla. 2008).

## II.

This Court has carefully reviewed the record and, for the reasons set forth below,  concludes no evidentiary proceedings are required in this Court. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>,

471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 127 S. Ct. at 1940; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied 541 U.S. 1034 (2004).

Petitioner filed his timely[6] Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 246 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action. Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. <u>Alston v. Fla. Dep't of Corr.</u>, 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

### A. Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state

---

[6]Respondent concedes that the Petition is timely filed, Response at 6, and the Court agrees.

court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). A claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254. Pulley v. Harris, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ on the basis of a perceived error of state law."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Waddington v. Sarausad, 129 S. Ct. 823, 832 n.5 (2009)(same); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000)(§ 2254 not enacted to enforce state-created rights). Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)(claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.)

**B.   Federal Claim Must Be Exhausted in State Court**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber,

544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the

petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ."   Smith, 256 F.3d at 1138.   A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.   First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.   House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court  held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland.   Id.   In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."   Id. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is

necessary to correct a fundamental miscarriage of justice. <u>House</u>, 547 U.S. at 536; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

## C.  Deference to State Court Decision

A federal court must afford a high level of deference to the state court's decision. <u>Harrington v. Richter</u>, ____ U.S. _____, 131 S. Ct. 770, 786-787 (2011). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>See</u> <u>Berghuis v. Thompkins</u>, 130 S. Ct. 2250, 2259 (2010). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Blankenship v. Hall</u>, 542 F.3d 1253, 1271 (11th Cir. 2008); <u>Ferguson</u>, 527 F.3d at 1146; <u>Wright v. Sec'y Dep't of Corr.</u>, 278 F.3d 1245, 1253-54 (11th Cir. 2002). When the last state court rendering judgment affirms without explanation, the Court presumes that it rests on the reasons given in the last reasoned decision. <u>Powell v. Allen</u>, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions

of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown v. Payton, 544 U.S. 133, 141 (2005); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new

context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 120 S. Ct. at 1520).  The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold.  <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1862 (2010)(citations omitted).  Depending upon the legal principle at issue, there can be a range of reasonable applications.  <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The Supreme Court has not yet decided whether a petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption.  <u>Wood v. Allen</u>, 130 S. Ct. 841, 848 (2010).  In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact."  <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1046 (2001) (citation omitted).

### III. Analysis

In Ground One, Petitioner alleges that his Due Process rights were violated because the State appellate court "rescinded" its order and denied his petition for writ of habeas corpus. Petition at 5. Petitioner argues that the Florida Supreme Court violated Florida Rules of Appellate procedure when it "rescinded" its prior order. Id. In Response, Respondent asserts that this claim is procedurally defaulted because Petitioner failed to raise his claims in a procedurally correct manner in the State court. Response at 9. In the alternative, Respondent argues that Petitioner fails to raise a federal constitutional claim because he only raises an alleged error in the post-conviction process. Id. at 9-10.

The Court agrees with Respondent that this claim is not cognizable in a § 2254 petition because it fails to raise a federal issue. Here, Petitioner challenges the appellate court's procedural disposition of his State petition for writ of habeas corpus that he had filed before commencement of his criminal trial. See Exh. A at 1-5.[7] Under 28 U.S.C. § 2254(a), a petitioner may

---

[7]The record reveals that the appellate court withdrew its initial order dated September 19, 2007, because during the pendency of Petitioner's appeal of the trial court's order denying his state petition for writ of habeas corpus, Petitioner was convicted by the jury. Exh. B at 72 (State's appellate brief explaining procedural history); Id. at 124 (appellate order dated September 19, 2007 denying State's motion to dismiss as moot); Id. at 128 (appellate order dated October 24, 2007 withdrawing its September 19, 2007
(continued...)

only seek relief on grounds that he is in custody in violation of the Constitution or laws of the United States. Consequently, the Court denies Petitioner relief on Ground One because Petitioner only seeks relief from his conviction based on a perceived error of the Florida Rules of Appellate Procedure. Petitioner does not submits which particular rule the appellate court violated. Nevertheless, a claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254. <u>Pulley v. Harris</u>, 465 U.S. at 41. Accordingly, Petitioner is denied relief on Ground One.

In Ground Two, Petitioner argues that his Fourth Amendment rights were violated because the law enforcement officer searched his vehicle without valid consent or probable cause. Petition at 6. In Response, Respondent argues that the claim is procedurally defaulted as evidenced by the appellate court's order finding that Petitioner never preserved the ground for appellate review under Florida law. Response at 9.

The Court agrees with Respondent that this claim is procedurally defaulted. On direct appeal, Petitioner, through appointed counsel, argued that the trial court improperly summarily denied his motion to suppress. <u>See</u> Exh. G at 15-22. The factual basis for the motion to suppress included an alleged unlawful

---

[7](...continued)
order, and granting the State's motion to dismiss, thereby dismissing petitioner's appeal).

search of Petitioner's vehicle.  The appellate court did not address the merits of Petitioner's trial court error claim and instead specifically found Petitioner did not preserve this issue for appeal.  Id. at 81.  The record reveals that Petitioner never objected during trial to the admission of any evidence obtained from the search of his vehicle, including the cocaine and drug paraphernalia.  See Exh. D at 207, 210, 217, 232.  Under Florida law, admissibility of evidence is not preserved for appeal absent a contemporaneous objection.  Routly v. Singletary, 33 F.3d 1279, 1288 (11th Cir. 1994).  Because the State appellate court clearly and expressly stated that it was relying on a procedural bar and did not address the merits of Petitioner's claim, the Court finds this claim is procedurally defaulted.

A federal court may review the merits of a procedurally defaulted claim if the petitioner shows cause for the procedural default and actual prejudice from it.  Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010).  To show cause, a petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court.  Id. In Petitioner's Reply, it appears Petitioner attempts to show cause with the excuse that he did not know "courtroom protocol" or "applicable procedures."  Reply at 3.  The Eleventh Circuit has previously rejected such an argument.  McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992).  Petitioner's lack of legal knowledge

is not an external impediment to his defense and is not sufficient cause for the procedural default. Id. at 1258. Petitioner knowingly waived his right to defense counsel and chose to proceed pro se. Petitioner neither alleges prejudice, nor a fundamental miscarriage of justice to overcome the procedural default. Accordingly, Ground Two is dismissed because it is procedurally defaulted.

Ground Three consists of two separate Fifth Amendment claims. Petition at 8. Petitioner references the terms "double jeopardy" and the "Miranda[8] rule." Id. Petitioner claims that the "charging document" "convicts [sic] twice on same charge."[9] Id. Petitioner also claims he was "interrogated" prior to being given his Miranda warning. Id. In Response, Respondent asserts that the claims are procedurally defaulted because Petitioner never raised either ground for relief in a procedurally correct manner before the State court. Response at 9-10.

---

[8]Miranda v. Arizona, 384 U.S. 436 (1966).

[9]It appears the basis of Petitioner's double jeopardy claim stems from him being stopped and given a traffic citation on two separate occasions. Law enforcement officials stopped Petitioner's vehicle on January 11, 2005, because the vehicle had an unassigned tag and then stopped Petitioner's vehicle again on February 10, 2005, because he still had the unassigned tag on his vehicle. Exh. D at 5. Petitioner appears to argue that it violated "double jeopardy" to be stopped twice for this tag infraction. Such is not a double jeopardy violation. Under Petitioner's theory of double jeopardy, a person would only be stopped and ticketed once in his life for a speeding infraction.

The Court agrees that both claims in Ground Three are procedurally defaulted. With respect to Petitioner's double jeopardy claim, Florida law required that Petitioner raise the claim on either direct appeal, or in a post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Coughlin v. Sec'y Dept. of Corr., 458 F. App'x 786, 788 (11th Cir. 2012)(unpublished). A review of the record confirms that Petitioner did not properly exhaust this claim because he neither raised this claim on direct appeal, nor in a Rule 3.850 motion, and would now be precluded from doing so under Florida law. See Fla. R. Crim. P. 3.850(b)(setting forth 2 year time limitation); Humphrey v. Fla. Dep't of Corr., 450 F. App'x 877 (11th Cir. 2012)(unpublished)(citing Mills v. Florida, 684 So. 2d 801, 804 (Fla. 1996)(recognizing failure to raise claim on direct appeal or in first post-conviction motion bars petitioner from raising issue in successive petition)). Petitioner has not shown cause for or actual prejudice arising from the default. Nor has Petitioner made a colorable showing of actual innocence required to establish a fundamental miscarriage of justice.

Similarly, Petitioner's claim that he was not given a Miranda warning until after he was "interrogated" is procedurally defaulted. As mentioned above, on direct appeal Petitioner argued that the trial court improperly summarily denied his motions to suppress. Part of the factual basis for the motion to suppress

included a claim that Petitioner was not given a <u>Miranda</u> warning before he incriminated himself by admitting that the cigarette package containing the cocaine belonged to him. Exh. G at 18. The appellate court did not address the merits of Petitioner's claim and instead found Petitioner did not preserve the suppression issue for appeal. <u>Id.</u> at 81. At trial Petitioner did not object when the State elicited testimony from the law enforcement officer that shortly after Petitioner's vehicle was stopped for the tag infraction, Petitioner admitted that the cigarettes belonged to him. Exh. D at 233. Under Florida law, admissibility of evidence is not preserved for appeal absent a contemporaneous objection. <u>Routly,</u> 33 F.3d at 1288. Because the State appellate court clearly and expressly stated that it was relying on a procedural bar, the Court finds this claim is procedurally defaulted. Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default. Accordingly, Ground Three is dismissed as procedurally defaulted.

In Ground Four, Petitioner alleges a violation of his right to a speedy trial. Petition at 9. Petitioner claims that his public defender waived this right without his authorization. <u>Id.</u> In Response, Respondent argues that the claim is procedurally defaulted because Petitioner never properly presented this claim to the Florida courts. Response at 9-10. Respondent further points to the record and shows that Petitioner specifically waived his

right to a speedy trial and thereafter did not demand a speedy
trial. Id. at 10, fn. 5.

The Court agrees that Ground Four is procedurally defaulted,
and in the alternative refuted by the record. The record shows
that Petitioner's defense counsel filed a waiver of speedy trial,
which was in fact signed by counsel and Petitioner on April 12,
2005. See Exh. D at 14. On February 22, 2007, Petitioner filed a
"notice of expiration of speedy trial." Exh. D (docket sheet). On
February 27, 2007, the trial court issued an order striking
Petitioner's notice, due to Petitioner's waiver. Exh. D at 77. On
March 14, 2007, Petitioner filed a petition for writ of prohibition
in the appellate court raising his speedy trial issue. Exh. C at
23-26. On March 23, 2007, the appellate court summarily denied the
petition for writ of prohibition. Petitioner's trial commenced on
March 28, 2007. The Court finds Ground Four is procedurally
defaulted because under Florida law Petitioner is required to file
a "demand for speedy trial" pursuant to Fla. R. Crim. P. 3.191(b).
Petitioner did not file a demand for speedy trial. Instead,
Petitioner filed a "notice of expiration of speedy trial," which
the trial court struck because Petitioner had in fact waived his
right to a speedy trial. Thus, Petitioner did not properly
preserve his claim before the Florida courts and any attempts to do
so now would be futile. See Wells v. McNeil, 2009 WL 2767659 *10
(S.D. Fla. Aug. 25, 2009)(discussing speedy trial rule in Florida).

In the alternative, the record refutes Petitioner's claim that he did not waive his speedy trial rights.   Exh. D at 14. Consequently, Ground Four is either dismissed as procedurally defaulted or denied as refuted by the record.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED** in part as to the procedurally defaulted claims and otherwise **DENIED** in part for the reasons set forth herein.

2.   The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)

or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record